UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NEWMAN A CRUNK,**

    **Petitioner,**

v.                                                                **Case No: 5:19-cv-266-Oc-40PRL**

**SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,**

    **Respondents.**

_____

## ORDER

Petitioner, proceeding *pro se*, has filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He seeks relief in connection with his 2012 conviction in state court (Sumter County) for traveling to meet a minor for illegal sexual conduct and use of the internet to lure a child. (Doc. 1, p 1.) Petitioner was sentenced to 42 months imprisonment. (*Id.*; Doc. 3, pp. 9-10.) Petitioner was released from custody on October 20, 2015. (*See* www.dc.state.fl.us) He is currently required to register as a sex offender for at least 25 years from his release date, pursuant to under Fla. Stat. § 943.045.

Petitioner raises three claims in his petition: (1) his convictions for both traveling to meet a minor illegal sexual conduct and use of the internet to lure a child violate the Double Jeopardy Clause of the U.S. Constitution; (2) his trial counsel was ineffective for failing to disclose his lack of experience, investigate the task force, raise an entrapment defense, investigate the likelihood of seating a fair and impartial jury, and for giving false

information regarding inculpatory evidence; and (3) his sex offender registry reporting requirements constitute Cruel and Unusual Punishment under the Eighth Amendment. (Docs. 1-3.) For relief, Petitioner asks this Court to "[r]emand this case back to the Circuit Court to have the charge of luring a minor *nolle prossed*, allow Petitioner to withdraw his plea and proceed to trial." (Doc. 1, p. 15.)

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook,* 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. §§ 2241(c)(3) (emphasis added) and 2254(a)). The petitioner must be in custody under the judgment of the state court which he is attacking at the time the petition is filed. *Id.*

The Supreme Court's "interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus." *Id.* at 491. The "in custody" requirement can also be met if the petitioner is on probation or parole. *See Westberry v. Keith*, 434 F. 2d 623, 624 (5th Cir. 1970).

However, courts have consistently found that sex offender registration requirements are not typically so onerous as to meet the custody requirement of § 2254(a). *See, e.g., Godwin v. United States*, 2014 WL 7074336 (M.D. Fla. Dec. 15, 2014) (noting that the Fourth, Sixth, and Seventh Circuits have found that sex offender registration does not satisfy the "in custody" requirement; concluding that Florida's law was also non-custodial in nature). Petitioner specifically addresses the "in custody" requirement in his memorandum in support of his petition, arguing that his sex offender registration

supports the "in custody" requirement and therefore this Court has jurisdiction to entertain his petition. (Doc. 2, pp. 16-17.)

Here, it is clear from the petition and supporting documentation that Petitioner is not "in custody" as required by 28 U.S.C. § 2254(a). His argument that his sex offender registration requirements satisfy the "in custody" requirement has been rejected by numerous Circuit and District Courts, including this Court. Accordingly, the Petition (Doc. 1) is **DISMISSED** for lack of jurisdiction. The **Clerk** is directed to enter judgment accordingly and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 21st day of June 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Parties, Counsel of Record